## In re CONEY ISLAND LUMBER CO.

### Petition of STILWELL.

### (District Court, E. D. New York. October 19, 1912.)

1. BANKRUPTCY (§ 467*)—PROCEEDINGS—FINDINGS OF SPECIAL COMMISSIONER —CONFLICTING EVIDENCE.

    A finding of fact by a special commissioner in bankruptcy proceedings, based on conflicting evidence, will be sustained by the court, unless entirely erroneous.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 467.*]

2. BANKRUPTCY (§ 317*)—SERVICE OF ATTORNEY BEFORE BANKRUPTCY—FEES.

    Where, prior to bankruptcy, the debtor employed an attorney to prosecute a suit to foreclose a mechanic's lien without any specified contract

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the attorney's services, the attorney, having prosecuted the suit to conclusion and turned over the proceeds, amounting to $541.92, and $147.85 costs, was entitled to an allowance of $200 for his services.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 493–495; Dec. Dig. § 317.*]

3. BANKRUPTCY. (§ 314*)—CLAIMS—ATTORNEY'S FEES—SERVICES BEFORE BANK-RUPTCY:

Claimant, an attorney, had rendered services to the bankrupt more than four months before the bankruptcy, the value of which amounted to $249.50. He had no express contract for fees, but both he and the insolvent expected that he would be paid for such services out of the proceeds of a mechanic's lien, which he later foreclosed. *Held*, that such acknowledgment was equivalent to an equitable assignment, and that he was entitled to allowance for such services out of the proceeds in the lien case.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 469–473, 478, 483–487, 489, 490; Dec. Dig. § 314.*]

In Bankruptcy. In the matter of the Coney Island Lumber Company. Application by Van Mater Stilwell, an attorney, for an allowance for services rendered to the bankrupt. Granted.

See, also, 199 Fed. 197.

Conway, Williams & Kelly, of New York City, for trustee.
Van Mater Stilwell, of Brooklyn, N. Y., pro se.

CHATFIELD, District Judge. The petitioner has claimed certain fees for services to the bankrupt in the foreclosure of a mechanic's lien for materials supplied by the bankrupt, and has testified to an alleged agreement with the president of the corporation as to the amount of such compensation. He asserts, also, that in the absence of agreement he is entitled to an attorney's lien for the reasonable value of his services against the proceeds of the litigation in question, and that this lien was preserved when the proceeds of the litigation were, under order of this court, turned over to the trustee in bankruptcy.

The special commissioner to whom the matter was referred has reported that upon the testimony he finds no contract, but that the petitioner did perform certain services. In view of the size of the estate, he fixes the reasonable value of those services at $50 and the costs allowed in the foreclosure action.

The petitioner has excepted to the report, and these exceptions have been brought up on motion. The trustee in bankruptcy asks for the confirmation of the report as it stands.

[1] The special commissioner has made a finding of fact upon hearing the witnesses, which should not be disturbed, for there was a plain conflict of testimony, and the court cannot say that the conclusion of the special commissioner was not justified, although it is apparent that the petitioner made, or supposed he made, a definite proposition to the president of the bankrupt with respect to the services in question. This finding of fact is to the effect that no actual contract existed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There is no question that the services were rendered, and there is no question that they were of such value that a contract for the amount claimed would be valid, if its making were substantiated.

[2] But, in the absence of a contract, the claimant was still entitled to reasonable compensation for the services rendered by him, as against the particular litigation in which he was occupied. If the employment had been terminated by the bankruptcy proceedings, nevertheless a claim would exist for past services, which could be allowed in bankruptcy, and the litigation could not be taken away from the control of the attorney, and the property ordered turned over to the bankrupt estate, without making provision that his services should be respected and compensation given therefor.

The amount recovered in this litigation was $541.92, with costs amounting to $147.85, and Mr. Stilwell's charge was 25 per cent., or $135.48, plus the costs. It would seem that a 25 per cent. charge for services involving the conduct of such litigation was reasonable in amount; but, if the costs are added, the total seems out of proportion to the recovery. The allowance of the special commissioner of substantially $200 seems adequate.

[3] The balance of Mr. Stilwell's claim is made up of a bill for services amounting to $249.50, rendered to the bankrupt more than four months prior to bankruptcy, and which the claimant alleges was to be paid out of the proceeds of the recovery in the mechanic's lien action. In other words, he postponed the demand for payment upon an agreement that he should retain it from the sum collected, if it be collected.

Again the finding of the special commissioner that there was no contract is a determination which, upon conflicting testimony, should not be overruled, unless clearly contrary to the facts proven. No written assignment of proceeds from the pending litigation was made. We can, therefore, disregard the question as to whether Mr. Stilwell had a contract to take his pay for prior services out of the proceeds of the mechanic's lien action, and we have presented merely the situation of an attorney conducting one litigation, and expecting, with the knowledge of the client, to be paid for other services out of the proceeds of the future litigation, and with the intervention of bankruptcy proceedings against the client before the money comes into the hands of the attorney.

This is equivalent to an equitable assignment, and would be valid if the parties reach a situation where the payment can be taken out of funds not subject to a superior right. It is apparent that if the moneys realized from the mechanic's lien action had been paid to Mr. Stilwell before bankruptcy, and he had deducted therefrom both compensation for that litigation and also for his previous services, the court would have allowed that deduction, subject only to scrutinizing the amount of the items, in the absence of any definite contract therefor.

As the litigation was not taken from Mr. Stilwell's hands, and he was allowed to conduct the same, but had a right to possession of the proceeds only to the extent of protecting his attorney's lien, it would

seem that he could ask this court to allow him, out of the proceeds, only such amount as he could have shown the right to possess, and any equitable assignment or claim for reasonable compensation for services rendered would have to be approved by the court, in asking for the actual possession of the proceeds.

On this basis, the reasonable value of the claimant's services and disbursements, for which he charged $249.50, is not disputed by the trustee, and the court sees no reason to reduce the amount of the claim, as the charges were not exorbitant and were properly earned.

The petitioner may therefore receive the sum of $449.50 from the fund in question.